UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| GRADY F. OWENS, *et al.*, § | |
| § | |
| Plaintiffs, § | |
| VS. § | CIVIL ACTION NO. H-11-2552 |
| § | |
| BANK OF AMERICA, NA, *et al.*, § | |
| § | |
| Defendants. § | |

**MEMORANDUM OPINION AND ORDER**

**I.     Introduction**

Pending before the Court is the defendant's, Bank of America, N.A., as a named party and as successor by merger to BAC Home Loan Servicing, L.P.,[1] motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) (Docket Entry No. 3). The plaintiffs, Grady F. and Tammy S. Owens, filed a response (Docket Entry No. 5), a sur-response (Docket Entry No. 8), an amended sur-response (Docket Entry No. 14), and a brief in support (Docket Entry No. 15). After having carefully reviewed the motion, responses, the record and the applicable law, the Court grants the defendant's motion.

**II.     Factual Background**

This case concerns a mortgage foreclosure dispute. On February 10, 1998, the plaintiffs executed a Note payable to KLM Mortgage Company in the amount of $220,000, along with a Deed of Trust encumbering real property located at 17906 Place Vendome Court, Spring, Harris County, Texas. The Note and Deed of Trust were eventually transferred to the defendant, after which time the plaintiffs defaulted on their mortgage.

---

[1] The merger was effective July 1, 2011.

On January 18, 2011, the defendant mailed the plaintiffs a Notice of Default and Intent to Accelerate. On April 13, 2011, the defendant entered a Consent Order with the United States Department of the Treasury Comptroller of the Currency ("OCC"). On May 6, 2011, the defendant's agent sent the plaintiffs, by certified mail, a Notice of Acceleration and Substitute Trustee's Sale, filed the same with the Harris County Clerk, and posted a copy in the area designated by the Harris County Commissioners on May 16, 2011. The latter notice informed the plaintiffs that their property would be foreclosed upon on June 7, 2011. The plaintiffs obtained a temporary restraining order and filed suit in state court on June 6, 2011. The defendant timely removed the case to this Court on July 11, 2011, which has jurisdiction pursuant to, *inter alia*, 28 U.S.C. § 1332.

### III.   Contentions of the Parties

#### A.   The Plaintiffs' Contentions

The plaintiffs assert claims for violations of the Texas Property Code and Texas Debt Collection Practices Act ("TDCA"), clogging the equity of redemption, breach of contract, promissory estoppel, negligence, negligent misrepresentation and gross negligence. They contend that the defendant violated the terms of its Consent Order with the OCC. They allege that the defendant does not hold the Note[2] and they seek injunctive and declaratory relief and damages.[3]

---

[2] Although the plaintiffs originally asserted that the defendant does not hold the Note, they have apparently abandoned that allegation in more recent filings.

[3] The plaintiffs also allege that the defendant originally provided the Court with an incomplete list of necessary documents for removal. However, the defendant subsequently updated their exhibits to provide a complete set of documents.

**B.     The Defendant's Contentions**

The defendant contends that it provided all required notices, that the plaintiffs cannot rely on the Consent Order in support of their claims, and that the plaintiffs' tort claims are barred by the economic loss doctrine. The defendant claims that the plaintiffs' allegations are moot because no foreclosure actually occurred. It asserts that the plaintiffs are barred from asserting equity claims because a balance remains outstanding on the Note, and the defendant asks the Court to dismiss the plaintiffs' claims with prejudice.

**IV.     Standard of Review**

A defendant may to move to dismiss a plaintiff's complaint for "failure to state a claim upon which relief may be granted." FED. R. CIV. P. 12(b)(6). Under the requirements of a Rule 12(b)(6) motion, "[t]he plaintiff's complaint is to be construed in a light most favorable to the plaintiff, and the allegations contained therein are to be taken as true." *Oppenheimer v. Prudential Sec., Inc.*, 94 F.3d 189, 194 (5th Cir. 1996) (citing *Mitchell v. McBryde*, 944 F.2d 229, 230 (5th Cir. 1991)). Dismissal is appropriate only if, the "[f]actual allegations [are not] enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted). Moreover, in light of Federal Rule of Civil Procedure 8(a)(2), "[s]pecific facts are not necessary; the [allegations] need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (*per curiam*) (quoting *Twombly*, 550 U.S. at 555). Even so, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly* at 555 (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).

More recently, in *Ashcroft v. Iqbal*, the Supreme Court expounded upon the *Twombly* standard, reasoning that "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Twombly* at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft*, 129 S. Ct. at 1949 (citing *Twombly* at 556). "But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged--but it has not 'show[n]'--'that the pleader is entitled to relief.'" *Ashcroft* at 1950 (quoting FED. R. CIV. P. 8(a)(2)). Nevertheless, when considering a 12(b)(6) motion to dismiss, a court's task is limited to deciding whether the plaintiff is entitled to offer evidence in support of his claims, not whether the plaintiff will eventually prevail. *See Twombly* at 563 n.8 (citing *Scheuer* 416 U.S. at 236); *see also Greninger*, 188 F.3d at 324.

### V. Analysis and Discussion

The Court grants the defendant's motion. The defendant gave all requisite notice, the plaintiffs are not entitled to rely on the Consent Order in support of their claims, and their equity arguments are nonstarters. Likewise, the plaintiffs are incapable of prevailing on their TDCA, breach of contract, promissory estoppel and tort claims. Lastly, their allegations of a loan modification are barred by the statute of frauds, and they are not entitled to injunctive relief.

#### A. Notice Provisions of the Texas Property Code

The Court grants the defendant's motion to dismiss regarding the plaintiffs' Texas Property Code claims. A sale of property subject to a mortgage can be conducted non-judicially, provided that certain notice requirements are satisfied. Notwithstanding any agreement to the

contrary, a mortgage servicer must provide a debtor notice of default and at least twenty days opportunity to cure the default before commencing the foreclosure process. TEX. PROP. CODE § 51.002(d).  Once a borrower has been provided with notice of default and an opportunity to cure, the borrower must receive at least twenty-one days' notice that the trustee under the deed of trust is going to foreclose on a particular date. TEX. PROP. CODE § 51.002(b).  Such notice must be filed with the office of the county clerk, posted at the courthouse door in the county where the property is located, and sent via certified mail to the debtor.  TEX. PROP. CODE § 51.002(b)(1)-(3).

On January 18, 2011, the defendant mailed the plaintiffs a Notice of Default and Intent to Accelerate.  On May 6, 2011, the defendant's agent mailed the plaintiffs a Notice of Acceleration and Substitute Trustee's Sale scheduled for June 7, 2011, filed the same with the Harris County Clerk, and posted a copy in the area designated by the Harris County Commissioners on May 16, 2011.  Accordingly, because the defendant gave the plaintiffs more time than required to cure their deficiencies, the Court dismisses their Texas Property Code claims.

B.     **The Consent Order**

The Court determines that the plaintiffs are not allowed to rely on the Consent Order in support of their claims.  In fact, the plaintiffs themselves acknowledge that they are not asserting the Consent Order as a cause of action.[4]  Despite other potentially relevant text, the Consent Order states that:

> Nothing in . . . this Order, express or implied, shall give to any person or entity, *other than the parties hereto*, . . . any benefit or legal or equitable right, remedy or claim under . . . this Order.

---

[4] *See* Docket Entry No. 15, p. 6.

(emphasis added). As private parties, the plaintiffs do not have standing to enforce this government Consent Order. *See Blue Chip Stamps v. Manor Drug Stores*, 421 U.S. 723, 750 (1972) (internal citation omitted). Because the defendant and the OCC are the only parties to the Consent Order, the plaintiffs cannot rely on its terms, and the Court grants the defendant's motion to dismiss regarding this issue.

### C. Equity Claims

The Court determines that the plaintiffs may not pursue equitable remedies without satisfying their own financial obligations. A party who seeks equity must do equity. *Bagby Elevator Co., Inc. v. Schindler Elevator Corp.*, 609 F.3d 768, 774 (5th Cir. 2010) (internal citation omitted).[5] Thus, within the context of the plaintiffs' equitable redemption claim, the plaintiffs must tender the redemption amount (including the full amount of the defendant's lien) either to the defendant or the Court. *See Scott v. Schneider Estate Trust*, 783 S.W.2d 26, 28 (Tex. App. – Austin 1990, no writ) (internal citation omitted). The tender requirement is a condition precedent to the plaintiffs' exercise of equitable rights or remedies. *See Lambert*, 993 S.W.2d at 835-36.[6]

---

[5] *See also Lambert v. First Nat'l Bank of Bowie*, 993 S.W.2d 833, 835-36 (Tex. App. – Fort Worth 1999, pet. denied); *Brown v. Jarrard*, 190 S.W.2d 572, 573-74 (Tex. Civ. App. – Galveston 1945, no pet.) (internal citation omitted) (holding that equitable redemption could not occur where party asserting interest in property against purchaser did not tender the purchase money due).

[6] *See also NYCTL 1999-I Trust v. 573 Jackson Ave. Realty Corp.*, 921 N.E.2d 195, 199 (N.Y. App. 2009) ("The equity of redemption . . . allows property owners to redeem their property by tendering the full sum at any point before the property is actually sold at a foreclosure sale") (internal citations omitted). A party seeking the equity of redemption must pay off "the amount of valid and subsisting liens to which the properties [are] subject" and all "amounts expended by the mortgagee in association with the default." *Scott*, 783 S.W.2d at 28 (internal citations omitted); *Fillon v. David Silvers Co.*, 709 S.W.2d 240, 246 (Tex. App. – Houston [14th Dist.] 1986, writ ref'd n.r.e.); *White v. BAC Home Loans Servicing, L.P.*, No. 09-CV-2484, U.S. Dist. LEXIS 116981, *14-15 (N.D. Tex. Nov. 2, 2010).

The plaintiffs admit defaulting on their Note, they have not met the tender requirement, and they have not pled any set of facts showing that they are entitled to the equity of redemption. Accordingly, the Court dismisses the plaintiffs' equity claims.

### D. TDCA

The Court grants the defendant's motion regarding the plaintiffs' TDCA claim. Their TDCA claim relies on the Consent Order for viability, and as discussed above,[7] the plaintiffs may not rely on the Consent Order. Further, "[m]erely stating [that a] defendant violated the TDCA, without more factual allegations, is a legal conclusion couched as a factual assertion, which does not survive a motion to dismiss." *McAllister v. BAC Home Loans Servicing, L.P.*, No. 4:10-cv-504, U.S. Dist. LEXIS 59782, *24-25 (E.D. Tex. April 28, 2011). Apart from their conclusory allegations, the plaintiffs do not plead any other facts in support of their TDCA claim that establish a plausible chance of recovery. Accordingly, the Court dismisses this claim.

### E. Breach of Contract

The Court grants the defendant's motion to dismiss the plaintiffs' breach of contract claim. To prevail on a breach-of-contract claim, a plaintiff must show: (1) the existence of a valid contract; (2) performance or tendered performance by the plaintiff; (3) breach of the contract by the defendant; and (4) damages sustained as a result of the breach. *Valero Mtkg. & Supply Co. v. Kalama Int'l*, 51 S.W.3d 345, 351 (Tex. App. – Houston [1st Dist.] 2001, no pet.) (internal citation and emphasis omitted).

The plaintiff cannot meet the second or third of the required elements for this claim. As to the second element, the plaintiffs have undisputedly not performed their contractual obligations because they have not stayed current on their mortgage payments. As to the third

---

[7] *See* Section **V(B)**.

element, the defendant complied with all requisite notice periods before initiating foreclosure proceedings. Therefore, the Court dismisses the plaintiffs' breach of contract claim.

### F.     Promissory Estoppel

Likewise, the Court dismisses the plaintiffs' promissory estoppel claim. Promissory estoppel "is a viable alternative to a breach of contract." *Allied Vista, Inc. v. Holt*, 987 S.W.2d 138, 141 (Tex. App. – Houston [14th Dist.] 1999, pet. denied). However, if there is an existing contract between the parties, there is no separate cause of action for promissory estoppel. *Stable Energy, L.P. v. Kachina Oil & Gas, Inc.*, 52 S.W.3d 327, 336 (Tex. App. – Austin 2001, no pet.) (internal citation omitted); *El Paso Healthcare Systems v. Piping Rock Corp.*, 939 S.W.2d 695, 699 (Tex. App. – El Paso 1997, writ ref'd n.r.e.). The parties' relationship is solely contractual by the terms of the Note and Deed of Trust. Therefore, the Court dismisses the promissory estoppel claim.

### G.     Tort Claims: Negligent Misrepresentation, Negligence and Gross Negligence

The Court dismisses the plaintiffs' negligent misrepresentation, negligence and gross negligence claims ("tort claims") pursuant to the economic loss doctrine because the sole potential basis for the defendant's liability is contractual in nature by the terms of the Note and Deed of Trust. Texas law disfavors contorting breach of contract claims into tort claims. *Quintinalla v. K-Bin, Inc.*, 993 F. Supp. 560, 563 (S.D. Tex. 1998) (internal citation omitted); *Heller Fin, Inc. v. Grammco Computer Sales, Inc.*, 71 F.3d 518, 527 (5th Cir. 1996) ("As a general rule, the failure to perform the terms of a contract is a breach of contract, not a tort") (internal quotation omitted).[8]

---

[8] *See also Ortega v. City Nat'l Bank*, 97 S.W.3d 765, 777 (Tex. App. – Corpus Christi 2003, no pet.) ("As a prerequisite to asserting a claim of negligence, there must be a violation of a duty imposed by law independent of any contract.") (internal citations omitted). *Southwestern Bell Tel. Co. v. Delanney*, 809 S.W.2d 493, 494-95 (Tex. 1991) ("if the defendant's conduct . . . would give rise to liability only because it breaches the parties' agreement,

The plaintiffs' tort claims are based on their allegations that the defendant allegedly gave them false information about their Note and failed to exercise care regarding the Note. Consequently, the plaintiffs are alleging economic damages stemming from tort claims arising from their contractual relationship with the defendant, and the Court dismisses those claims.[9]

### H.    Statute of Frauds

The Court determines that the statute of frauds bars the plaintiffs' claims regarding a potential reinstatement, repayment plan or loan modification. An agreement for the sale of real property must be in writing to be enforceable. TEX. BUS. & COMM. CODE § 26.01(b)(4). More particularly, an agreement regarding the creation of a lien or mortgage must be in writing to be enforceable. *Khoshnoudi v. Bird*, No. 05-98-388-CV, 2000 Tex. App. LEXIS 5579, *5 (Tex. App. – Dallas 2000, no pet.) (citing *West v. First Baptist Church*, 71 S.W.2d 1090, 1100 (Tex. 1934)). Also, agreements that cannot be performed within one year must be in writing to be enforceable. TEX. BUS. & COMM. CODE § 26.01(b)(6).

Here, had the alleged promise for modification of the plaintiffs' mortgage been made, that modification would create, or at least alter, a lien that the defendant has on the plaintiffs' property. Had the plaintiffs fulfilled their obligation to timely repay their mortgage, their performance would have been complete on March 1, 2028. Thus, their performance of any alleged loan modification concerning real property would be conducted over a time period

---

the plaintiff's claim ordinarily sounds only in contract"); *Yzaguirre v. KCS Resources, Inc.*, 47 S.W.3d 532, 543 (Tex. App. – Dallas 2000, pet. granted), aff'd, 53 S.W.3d 368 (Tex. 2001).

[9] Additionally, the negligent misrepresentation claim fails because promises of future conduct – an alleged promise for reinstatement, a repayment plan or modification – are insufficient to support a claim for negligent misrepresentation. *See McAllister*, No. 4:10-CV-504, 2011 U.S. Dist. LEXIS 59782, *25-26 (E.D. Tex. April 28, 2011) (internal citations omitted). Further, the gross negligence claim fails because, absent a successful negligence claim that gives rise to actual damages, a plaintiff cannot maintain a gross negligence claim. *B.F. Jackson, Inc. v. CoStar Realty Info., Inc.*, No. H-08-3244, 2009 U.S. Dist. LEXIS 24101, *23 n.38 (S.D. Tex. May 20, 2009) (internal citation omitted).

exceeding one year, and so the defendant's alleged promise does not survive the statute of frauds.

## I. Injunctive Relief

The Court dismisses the injunctive relief claim. A request for injunctive relief, absent a cause of action supporting entry of a judgment, is fatally defective and does not state a claim. *Buntaru v. Ford Motor Co.*, 84 S.W.3d 198, 210 (Tex. 2002). As set forth above, the plaintiffs have not and cannot allege sufficient facts to give them a plausible right to relief, and the Court therefore dismisses their injunctive relief claim. *See Anderson v. CitiMortgage, Inc.*, No. 4:10-cv-398, 2011 U.S. Dist. LEXIS, *18-19 (E.D. Tex. March 24, 2011) (internal citation omitted).

## VI. Conclusion

Based on the foregoing discussion, the Court grants the defendant's motion.

It is so **ORDERED**.

SIGNED at Houston, Texas this 16th day of March, 2012.

Kenneth M. Hoyt
United States District Judge